**James SHOBAR; Cathy Hodges; Kelly Gore; Concerned Citizens of Santa Ynez Valley, Plaintiffs—Appellants,**

v.

**State of CALIFORNIA; Arnold Schwarzeneger, Governor of California, Defendants—Appellees.**

No. 03–56995.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2005.

Decided June 14, 2005.

James E. Marino, Esq., Santa Barbara, CA, for Plaintiffs–Appellants.

Marc A. Le Forestier, Esq., AGCA—Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: TROTT, W. FLETCHER, Circuit Judges, and RESTANI,* Judge.

---

\* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

MEMORANDUM \*\*

James Shobar, Cathy Hodges, Kelly Gore, and Concerned Citizens of Santa Ynez Valley appeal from the district court's order dismissing their case for failure to state a claim and failure to join an indispensable party. Because appellants' claims raise questions of federal law under the Indian Gaming Regulatory Act (IGRA), we reject appellants' argument that the district court lacked federal question jurisdiction. We hold that the district court correctly dismissed appellants' claim because no private cause of action exists to enforce the state-tribal compact under either IGRA or the terms of the compact itself. *See Hein v. Capitan Grande Band of Diegueno Mission Indians*, 201 F.3d 1256, 1260 (9th Cir.2000) (finding no general private right of action to enforce IGRA); 1999 Tribal–State Class III Gaming Compact § 15.1 (providing that compact "shall not be construed to . . . create any right on the part of a third party to bring an action to enforce any of its terms"). Even if appellants could state a claim, the suit could not proceed because the Santa Ynez Band of Mission Indians is an indispensable party under Fed.R.Civ.P. 19, and tribal sovereign immunity precludes the Band's joinder. *See American Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1022 (9th Cir.2002).

AFFIRMED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.